DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's motion to suppress evidence. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Tyrone Hamilton, sets forth the following single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS." *Page 2 
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On the evening of December 6, 2006, appellant was involved in an encounter with the Toledo Police. The encounter culminated in a traffic stop. As a result of this incident, appellant was charged with assault, carrying a concealed weapon, and having a weapon while under disability.
 {¶ 5} On April 9, 2007, a suppression hearing was held in response to appellant's motion to suppress the evidence recovered during the traffic stop. Appellant argued that the officers were not justified in their motor vehicle stop, undermining the legitimacy of the evidence collected in the course of the disputed stop.
 {¶ 6} Appellee called two witnesses, and appellant countered with five witnesses. The testimony of appellant's witnesses directly contradicted the testimony of appellee's witnesses.
 {¶ 7} Witness for appellee, Officer Danielle Kasprzak, testified that she and her partner, Officer Paul Martorana, were patrolling in the Pulaski Street area the night of the incident. In the course of their patrol, Officer Kasprzak witnessed what she believed to be a drug transaction. She asserted that she saw two men standing in the middle of the street, in front of a known drug house. The men exchanged an unknown object.
 {¶ 8} Officer Kasprzak also testified that she recognized one of the men involved in the transaction as a known drug dealer. She further justified the stop by asserting that the vehicle carrying appellant was illegally blocking the middle of the street.
 {¶ 9} Appellant's witnesses conveyed an opposite and irreconcilable account of the events. Eldwin Ottrix, the man with whom appellant exchanged the suspected illegal *Page 3 
item, testified that he was never standing in the middle of the street. Ottrix asserted he was preparing to leave his home and was seated in his truck when appellant approached the truck and spoke with him.
 {¶ 10} Ottrix testified that the content of the conversation did not involve drugs. He claimed appellant asked him to assist in a housing renovation project. Rishea Williams, seated in Ottrix's truck, corroborated Ottrix's physical location and the content of his conversation with appellant.
 {¶ 11} Ottrix further testified that the vehicle carrying appellant was never parked in the middle of the street. He refuted the claim that his house was known for drug activity, stating that he had been acquitted of all the charges stemming from the raid.
 {¶ 12} Fredda Overton, the driver of the vehicle carrying appellant, testified that the car was legally parked and that the engine never stopped running. She asserted that appellant had to exit the vehicle and walk across the street to speak with Ottrix. She also confirmed that Ottrix remained in his truck throughout the incident.
 {¶ 13} In denying appellant's motion to suppress, the trial court made no explicit findings of fact. The court simply held, "the court does not believe the motion to suppress should be granted, and it is denied." Appellant has filed a timely notice of appeal.
 {¶ 14} A motion to suppress presents mixed questions of law and fact. When reviewing a motion to suppress, the trial court assumes the role of trier of fact. State v. Bragg, 6th Dist. No. L-07-1162, 2007-Ohio-5993, ¶ 4, citing State v. Roberts, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. Therefore, the trial court is in the best position to *Page 4 
resolve questions of fact and evaluate witness credibility. State v.Mills (1992), 62 Ohio St.3d 357, 366
 {¶ 15} The standard for reviewing a motion to suppress is well established in Ohio. First, the appellate court must accept the trial court's finding of fact, so long as the facts are supported by competent credible evidence. Second, the appellate court applies a de novo standard of review to determine whether the facts satisfy the applicable legal standard. See State v. Bragg, 6th Dist. No. L-07-1162,2007-Ohio-5993, ¶ 4.
 {¶ 16} In the present case, the trial court did not determine findings of fact on the record. Crim.R. 12(F) states, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, Crim.R. 12(F) is not self-executing.State v. Eley, 77 Ohio St.3d 174, 179, 1996-Ohio-323. Appellant must ask the trial court to state its essential finding of facts for the record. Failure to make this request waives any error. Id.
 {¶ 17} When faced with a nearly identical set of facts, this court stated "[B]ecause this court has the full transcript from the hearing on the motion to suppress and the arguments presented by counsel, we can review the issues raised by appellant on appeal relating to the motion to suppress." State v. Jarvis (May 12, 2000), 6th Dist. No. L-99-1184, citing State v. Eley, 1996-Ohio-323.
 {¶ 18} In the transcript of the suppression hearing, Officer Kasprzak stated her belief that she witnessed a drug transaction prior to stopping appellant's vehicle. She testified that she observed two men in front of a known drug house exchange an unknown object. She testified that, prior to stopping appellant's vehicle, she recognized Ottrix as a *Page 5 
known drug dealer. Officer Kasprzak further justified the stop by testifying that the vehicle carrying appellant was in violation of the law because it was illegally parked in the middle of the street.
 {¶ 19} To justify an intrusion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1969), 392 U.S. 1, 21. Additionally the Supreme Court of Ohio stated, "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v.Erickson, 76 Ohio St.3d 3, 11-12
 {¶ 20} At a suppression hearing, it is the trial court who is in the best position to determine witness credibility. See supra. Our review of the record convinces us that the trial court found Officer Kasprzak to be more credible than appellant's witnesses. The trial court ruled in accordance with placing greater credibility on the officer's testimony.
 {¶ 21} Giving deference to the trial court on matters of witness credibility and based upon our review of the hearing transcript, we concur in being more persuaded by Officer Kasprzak's testimony. The trial court did not err in denying the motion to suppress.
 {¶ 22} The officers properly acted under reasonable suspicion that a drug transaction had taken place. In addition, the officers had probable cause to believe that the vehicle carrying appellant was in violation of the traffic code. In accordance with *Page 6 Terry v. Ohio and Dayton v. Erickson, supra, these two reasons justify the stop. Wherefore, for the reasons stated herein, we find appellant's assignment of error not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1